UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES SCOTT,

        Plaintiff,

                              Case Number 06-14903-BC

v.                                   Honorable Thomas L. Ludington

HEMLOCK SEMICONDUCTOR CORP.,

        Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR LEAVE TO AMEND HIS COMPLAINT

Now scheduled for hearing before the Court is Plaintiff James Scott's motion for leave to amend his complaint, filed on August 17, 2007. The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

Based on his current complaint, Plaintiff claims that his former employer, Defendant Hemlock Semiconductor Corporation, discriminated against him based on race. There, Plaintiff alleges that he is a member of a protected class based on his race and that he performed in a satisfactory manner as a zone technician for over 17 years. He maintains that he faced numerous hostile and offensive comments, physical assault, and discriminatory treatment based on his race. He states, without elaboration, that he was terminated on March 8, 2006 "for reasons which were wholly pretextual." Pl. Cplt., ¶ 10 [dkt #1]. In his original complaint, filed on October 31, 2006, he advances a claim of employment discrimination based on race under Title VII of the Civil Rights

Act of 1964, as amended, and the Michigan Elliott-Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2101 *et seq*.

Based on the Court's scheduling order of February 15, 2007, discovery closed on August 10, 2007, and dispositive motions were due to be filed by August 31, 2007.

On August 17, 2007, Plaintiff filed the instant motion for leave to amend his complaint to add a claim of retaliation under Title VII and ELCRA. He alleges that, during the July 17, 2007 deposition of Laura Lambeth, one of Defendant's human resources representatives, he learned that certain documents were absent from his personnel file. Lambeth reviewed that file, which Plaintiff's supervisor, Don Bussa, provided to her prior to the termination of his employment. Specifically, Plaintiff filed an internal complaint of race discrimination in 1998 and in January 2006, and those documents were absent from that personnel file. Unlike the foregoing description, which finds support in Lambeth's deposition, Plaintiff offers no record support for his contention that his supervisor removed those documents as retaliation for the complaints.

In response, Defendant provides additional excerpts from Lambeth's and Bussa's depositions. There, they describe the difference between a manager's personnel file, which contains a manager's notes and evaluations of an employee maintained on-site, and the entirety of an employee's personnel file, which is maintained at corporate headquarters. The larger, complete personnel file (of approximately 400 pages) was provided to Plaintiff on October 10, 2006. Bussa testified that the file he provided to Lambeth contained personal improvement plans, performance reviews, any disciplinary actions, letters of commendation, but not any internal complaints of discrimination.

On August 31, 2007, Defendant timely filed its motion for summary judgment.

Federal Rule of Civil Procedure 15(a) provides for a party to amend its "pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court held that a district court must provide a reason for refusing to grant leave to amend; to not provide a reason would constitute an abuse of discretion. The Court expressly noted several reasons that might inform on a court's refusal to grant leave to amend, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id*. This decision is reserved to the sound discretion of the district court, but it must "consider the competing interests of the parties and likelihood of prejudice to the opponent." *Moore v. City of Paducah*, 790 F.3d 557, 559 (6th Cir. 1986) (citations omitted).

Courts are to consider, in particular, any prejudice to the non-movant (as well as to the movant) and the likelihood of futility if the amended complaint would not withstand a motion to dismiss.[1] 3 Moore's Federal Practice 3d § 15.15[1]-[3] (2006). Courts may also consider "judicial economy and [their] ability to manage the case." *Id*. at § 15.15[1].

In *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 806-807 (6th Cir. 2005), the Sixth Circuit affirmed a district court's refusal to allow a plaintiff leave to amend to add a new claim with only a few weeks of discovery remaining. The court also noted that, although some extensions on discovery had been granted, none of those extensions affected the filing deadline for dispositive motions in that case. *See also R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 440-441 (6th Cir. 2005) (emphasizing that discovery was complete, as well as that the case had been proceeding

---

[1]*See Sinay v. Lamson & Sessions, Co.*, 948 F.2d 1037, 1042 (6th Cir. 1991).

for years); *Inge v. Rock Financial Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (noting, *inter alia*, the significance of the closure of discovery on the denial of leave to amend and the plaintiff's failure to discuss delay, prejudice, or futility).

Regarding futility, a federal court has no jurisdiction to a Title VII claim if that plaintiff has not expressly filed the claim with the EEOC, unless that claim might reasonably be expected to grow out of the EEOC claim. *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 264 (6th Cir. 1998). In *Abeita*, the plaintiff sought to raise a retaliation claim based on facts that entirely predated the filing of the EEOC complaint, but the court ruled that the plaintiff could not pursue that claim, because she had not asserted that claim before the EEOC. *Id.*; *see also Strouss v. Mich. Dep't of Corrections*, 250 F.3d 336, 342 (6th Cir. 2001).

Here, the general liberality of Rule 15 gives way to the prejudice that would follow to Defendant. Although the prejudice to Plaintiff of not being able to pursue her additional claim would not be insignificant, several cases from the Sixth Circuit, such as *Bridgeport Music*, *City of Keego Harbor*, and *Inge*, emphasize the significance of permitting amendment after the close of discovery and the impact of adjusting dispositive motion filing deadlines. Both effects would follow of necessity here, with a corresponding effect on the Court's ability to manage the case and the docket. Nothing in Plaintiff's motion begins to address these concerns.

Nor has Plaintiff sought to address the possibility of futility. Here, any retaliatory action predated the filing of his complaint with the EEOC. He did not, however, allege retaliation in that complaint. Plaintiff might respond that he only learned of the difference between the complete personnel file and his manager's personnel file during the deposition of Lambeth. Thus, he might suggest that he could not have learned of the basis for that claim until that point. Setting aside the

fact that discovery is not designed to serve as a fishing expedition, Plaintiff knew of the existence of internal complaints that he filed. One additional fact that finds no support in the record (his surmise that his manager culled his internal complaints of discrimination from the file provided to Lambeth) does not nullify his access to sufficient information to have previously pursued this claim, as he himself filed the internal complaints in 1998 and 2006. That he did not then pursue them before the EEOC now bars him from raising them here. Consequently, amending his complaint to include an additional claim for retaliation would be futile.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to amend his complaint [dkt #18] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 10, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 10, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS