UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES SCOTT,

        Plaintiff,

                              Case Number 06-14903-BC
v.                                 Honorable Thomas L. Ludington

HEMLOCK SEMICONDUCTOR CORP.,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION
FOR PARTIAL RECONSIDERATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
DISMISSING PLAINTIFF'S CLAIMS,
AND DENYING DEFENDANT'S MOTIONS *IN LIMINE* AND TO AMEND**

On November 1, 2007, the Court granted in part and denied in part Defendant Hemlock Semiconductor Corporation's motion for summary judgment. The Court dismissed the claims of Plaintiff James Scott, except to the extent that his assertion of racial discrimination was based on direct evidence under Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. § 2000e *et seq.*, as limited by 42 U.S.C. § 2000e-5(e)(1), or direct evidence under the Michigan Elliott-Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2101 *et seq*.

On November 7, 2007, Defendant filed a motion for reconsideration. On November 9, 2007, Defendant also filed a motion to amend the Court's order to include a certification for appeal under 28 U.S.C. § 1292. On November 13, 2007, the Court directed Plaintiff to file a response to Defendant's motion for reconsideration, and Plaintiff timely did so.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid

in the disposition of the motions. Accordingly, it is **ORDERED** that the motions be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

To recapitulate the factual summary contained in the Court's order of November 1, 2007, Plaintiff, who is African-American, previously worked as a technician for Defendant. According to Plaintiff, Defendant terminated his employment, on March 8, 2006, based on racial discrimination against him. According to Defendant, it ended Plaintiff's employment after alleged abuse of sick and leave time, concern for his alleged failure to follow safety measures, and disruptions to quality assurance, such as when Plaintiff intentionally stopped a recording device aimed at ensuring quality production.

In the initial disposition of Defendant's motion for summary judgment, the Court focused on three incidents that could support Plaintiff's claim of racial discrimination based on direct evidence. First, Plaintiff claims that, on April 20, 2005, his supervisor once called him boy, calling out a door "Hey boy, hey boy, hey boy, are you out there?" *Scott Dep*., p. 252; Dft. Br., Ex. A [dkt #21-2]. Second, Plaintiff states that, in July 2005, he, his supervisor, and two other employees were involved in a conversation about how quickly they could complete a particular process that each performed as part of their jobs. According to Plaintiff, the supervisor related he could do the job better and faster than Plaintiff. The supervisor allegedly said that "he would put his white hood on and come in in the morning and he would whip [Plaintiff] . . . ." *Id*. at 126. Third, Plaintiff recounts another conversation with the same supervisor from a few weeks later. According to Plaintiff, they were discussing the vast property that came with Defendant's $10 million expansion. Plaintiff maintains that the supervisor "told [him] that we have so much land out back that he could take

[Plaintiff] out back and hang me and nobody would ever find me." *Id*. at 136.[1] Based on the foregoing, and the fact that the supervisor had participated in the decision to terminate Plaintiff, the Court concluded that Plaintiff had advanced direct evidence of his claim that Defendant discriminated against him based on his race.

E.D. Mich. LR 7.1(g) permits a party to seek reconsideration of an order. Local Rule 7.1(g)(3) provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Here, Defendant raises, and the Court agrees, a palpable defect exists in the earlier decision and correcting it will result in a different disposition. Defendant argues that the alleged remarks did not relate to its decision to terminate Plaintiff's employment and were removed in time from that decision.

In *Amini v. Oberlin College*, 440 F.3d 350, 359 (6th Cir. 2006), the Sixth Circuit stated, "[Direct evidence] does not require the fact finder to draw any inferences to reach [the conclusion that unlawful discrimination was a motivating factor in an employer's actions]. . . . Evidence of discrimination is not considered direct evidence unless a racial motivation is explicitly expressed." (Citations and internal quotations omitted). For evidence to be direct evidence, a factfinder need not make any intervening inferences. *Id*. (citation omitted).

---

[1] The supervisor denies making any of these remarks. *Bussa Dep*., p. 25; Dft. Br., Ex. C [dkt #21-4].

In *White v. Columbus Metropolitan Housing Auth.*, 429 F.3d 232, 239 (6th Cir. 2005), the Sixth Circuit held that an isolated comment by a member of the employer's hiring committee that they "wanted a grass roots guy" did not constitute direct evidence of discrimination "because the critical inquiry [in a sex discrimination case] is whether gender was a factor in the employment decision *at the moment it was made*." (Citations and internal quotations omitted). Similarly, in *Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 548 (6th Cir. 2004), the court held that generalized comments by the defendant employer's managers about reducing their workforce's average age did "not constitute direct evidence of age-based bias against th[o]se particular plaintiffs." In contrast, in *In re Rodriguez*, 487 F.3d 1001, 1008-1009 (6th Cir. 2007), the court held that a plaintiff did have direct evidence of discrimination, where a decisionmaker stated that the plaintiff would not receive a promotion because of his Hispanic speech pattern and accent.

Here, Plaintiff has offered three racially charged remarks. Those remarks predate the termination decision by at least seven months. More importantly, although unfortunate and, if intended as racial commentary, quite distasteful, none of the supervisor's comments explicitly express a connection between any racial bias and the employment action taken against Plaintiff. Unlike *Rodriguez*, in which the employer's decisionmaker directly linked evidence of racial bias with that employee's job prospects, Plaintiff here has offered only remarks with possible racial import but has not linked any purported bias to Defendant's employment policies or actions. Rather, like *White* and *Rowan*, intervening inferences are required to tie Plaintiff's supervisor's alleged racial comments of April and July 2005 to the decision to end his employment in March 2006. Although these comments might support a *prima facie* case of racial discrimination (a theory which

this Court dismissed in its previous order), these comments do not show that race discrimination was a motivating factor at the time that Defendant made the employment decision.

Consequently, even drawing all reasonable inferences in favor of Plaintiff, the Court cannot conclude that he has offered direct evidence of racial discrimination under Title VII. Absent such evidence, Plaintiff has not established a basis for that claim, so the Court concludes that there is no genuine issue as to any material fact, and Defendant is entitled to a judgment as a matter of law.

Finally, the parties continue not to differentiate Plaintiff's claim under Title VII from his claim under ELCRA. Absent any argument that a meaningful difference exists between the precedents governing claims under Title VII and those governing claims under ELCRA, the Court will conclude that the necessity of additional inferences between the supervisor's comments and the termination of Plaintiff's employment also demonstrates that Plaintiff has also not provided direct evidence under ELCRA.

Further, 28 U.S.C. § 1367(a) provides, "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." Indeed, "a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719 (6th Cir. 2006) (citation omitted). Thus, even if the Court was not persuaded to dismiss Plaintiff's ELCRA claim on the same basis as his Title VII claim, the Court would decline to exercise supplemental jurisdiction over Plaintiff's sole remaining state law claim.

Accordingly, it is **ORDERED** that Defendant's motion for reconsideration [dkt #35] is **GRANTED**. Defendant's motion for summary judgment [dkt #21] is **GRANTED**, and Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Defendant's motion to amend the order to permit interlocutory appeal [dkt #36] and Defendant's motions *in limine* [dkt ##33, 34, 45] are **DENIED** as moot.

                                              s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge

Dated: November 30, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 30, 2007.

                                      s/Tracy A. Jacobs
                                      TRACY A. JACOBS